**COBB et al. v. NAU et al., (No. 8071.)**

Court of Civil Appeals of Texas. San Antonio. Dec. 12, 1928.

Rehearing Denied Jan. 16, 1929.

Kleberg & North, of Corpus Christi, for appellants.

H. S. Bonham, of Beeville, and W. E. Pope and M. G. Eckhardt, Jr., both of Corpus Christi, for appellees.

COBBS, J. Suit was brought by appellants against appellees for the recovery of $1,000 as liquidated damages alleged to be recoverable from the appellee Corpus Christi National Bank, as holder in escrow of said amount, and from appellee Oscar C. B. Nau by virtue of the latter's forfeiture of said amount under the terms of a contract signed and executed by appellee Nau and appellants; same being for the sale of certain real estate owned by appellant Cobb.

The case was tried by the court without a jury, and judgment was rendered for appellees.

The suit was based upon a written agreement between the parties, in which Cobb agreed to sell Nau a certain parcel of land situated in Corpus Christi, Nueces county, for $17,500. The contract for sale was in writing, and the point of difference is in the construction of the following provision of the contract: "The Seller herein agrees to deliver to the Purchaser, or his attorney, a guaranty certificate issued by a reputable title company of Nueces County, Texas, or a complete abstract of title, at the option of the Seller. Said abstract shall be complete to date of its delivery, showing a marketable title to said property in the Seller. It shall be delivered within 10 days from this date, and said Purchaser shall thereafter have 20 days within which to have same examined. If upon examination, the title be found defective, such defects shall be pointed out to the Seller in writing, who shall thereafter have 30 days in which to cure or remove said defects so pointed out, if any exist in fact. If, however, the defects are of such a nature as to render the title non-marketable, and are not cured or removed within the above stated time, then and in such case this contract shall be null and void at the option of the Purchaser, and the earnest money, hereinafter provided for, shall be returned in full to the Purchaser. But if the title be found marketable or be made such, as above provided for, then the deed shall be executed and delivered in accordance with this contract."

In construing the above provision of the contract, it is the contention of appellants that the word "it," in the phrase "it shall be delivered within 10 days," refers to "guaranty certificate," and that the court erred in holding to the contrary, and erred in its finding of fact No. 4, to the effect that A. P. Cobb was required to exercise his option as to whether he would furnish an abstract or guaranty certificate, and that the whole judgment and all the findings of fact are wrong.

The record in this case contains 63 pages, statement of facts 96 pages, appellants' brief 71 pages, with 31 assignments of error, and 27 propositions, with citation of 42 authorities. Appellees' brief contains 24 pages in reply.

The court made and filed a full and complete finding of the facts in the case, well supported by the evidence, and, of course, it will be adopted by this court as true. We have reached the conclusion that the findings and judgment of the court should be sustained.

It is a simple issue, and to construe the contract does not require of us much discussion or elaboration.

First, the seller agreed to deliver a guaranty certificate issued by a reputable title company of Nueces county, Tex.; or, second, to deliver in lieu thereof a complete abstract of title, at the option of the seller. Now, in case the abstract is furnished, it "shall be complete to date of its delivery, showing a marketable title to said property in the seller." "It (referring to the abstract of title) shall be delivered within 10 days from this date, and said Purchaser shall thereafter have 20 days within which to have same examined."

Now, then, should a guaranty certificate be issued, the terms of the contract would be completely performed, and there would be nothing else to be done in connection with it.

No other part of this provision, such as giving 20 days in which to have the title examined, is required or was contemplated in case the certificate was furnished. The 20 days' time given to have the title examined is only applicable in case an abstract is furnished, which requires the examination of every instrument applicable to the title, and no such requirement is necessary when a certificate is furnished. It is complete on its face, and when an abstract of title is given it is for the express purpose of the examination of the title, step by step. This option was given for the benefit of the purchaser. As found by the court, the seller elected to and did furnish an abstract of title. It was found by appellee's counsel to be defective, and for that reason was rejected. Besides other defects, one was, it was not brought down to date. Under the contract, in case of defects which were pointed out to the seller in writing, the seller then had 30 days in which to cure or remove said defects. But the seller refused to remove or cure such defects, and this gave the purchaser, under the terms of the contract, the right to declare the contract at an end. This entitled him to the earnest money so placed.

No attempt was made to cure the alleged defects or make such title marketable.

The court did not place any erroneous construction upon the plainly written contract. The seller was given the privilege of furnishing either a guaranty certificate or an abstract of title, and he elected to and did furnish the latter, which was placed in the hands of an attorney, who found it defective. The court held Cobb was to exercise his option within ten days. If he had not exercised his option and had not elected to deliver the abstract, he could, of course, have elected to deliver the guaranty certificate; but, having once elected to deliver the abstract, he certainly was not rquired to wait until the abstract had been turned down, and, then rather than undertake to cure the defects therein, re-exercise his option and decide to furnish a guaranty certificate. The contract can bear but one construction. Having exercised his option and having furnished an abstract of title, thus requiring Nau to employ an attorney to have it examined, and after the attorney reported adversely thereon, the seller could not then furnish a guaranty certificate and require the purchaser to abandon his attorney's view of the title and accept it as a compliance with the contract, even though he knew the title from such examination was defective, and be deprived of the provisions in the contract that if he made objections to the title they should be cured, or he should have the right to declare the contract void.

The courts will not attempt to make new contracts for the parties, nor take away any valuable contractual right that accrues by the exercise of his option by plaintiff Cobb, and the furnishing of said abstract for examination, as the court found on ample testimony.

We have found that the findings of the trial court are supported by the testimony. We find no error in the record, nor do we find any error assigned that should cause a reversal.

All appellants' assignments are overruled, and the judgment of the trial court is affirmed.