**Crystal L. GIDDENS, Appellant,**

v.

**E. H. MOORE, Appellee.**

No. 10866.

Court of Civil Appeals of Texas.

Austin.

July 5, 1961.

McClain & Stump, Georgetown, for appellant.

Gauntt & Carswell, Georgetown, for appellee.

GRAY, Justice.

Appellant, Crystal L. Giddens, has appealed from a judgment awarding appellee, E. H. Moore, a recovery of $500 deposited with appellant under a contract of purchase and sale of a house and lot located at Leander in Williamson County.

On May 23, 1960, appellant as the owner and seller and appellee as the purchaser entered into a written contract for the sale and purchase of the above house and lot. This written contract confirmed a prior oral contract. The agreed purchase price was $8,000 to be paid: $1,000 cash and two notes for $3,500 each. $500 was deposited with appellant and was to be held by her and applied as part of the cash payment upon consummation of the contract. The contract provided it would be finally consummated on or before July 1, 1960 and its parts material here are:

"Seller agrees to furnish abstract with marketable title to said property, which shall be conveyed free and clear of any and all encumbrances except those named herein.

"In accordance with the terms of the Real Estate License Act of the State of Texas, you, as purchaser, are advised that you should have the abstract covering the real estate which is the subject of this contract examined by an attorney of your own selection, or that you should be furnished with or obtain a policy of title insurance.

"If abstract is furnished, Purchaser agrees, within ten days from the receipt of said abstract either to accept the title as shown by said abstract or to return it to the undersigned Agent with the written objections to the title. If said abstract is not returned to the Agent with the written objections noted within the time specified, it shall be construed as an acceptance of said title. If title policy is furnished, Purchaser agrees to consummate the sale within ten days from date title company approves title

"If any title objections are made, then the Seller or his Agent shall have a reasonable time to cure said objections and show good and marketable title. In the event of failure to furnish good and marketable title, the purchase money hereby receipted for is to be returned to Purchaser upon the cancellation and return of this contract, or Purchaser may enforce specific performance of same.

"Seller agrees when the title objections have been cured, to deliver a good and sufficient General Warranty Deed properly conveying said property to said Purchaser, and Purchaser agrees, when said deed is presented, to pay the balance of the cash payment and execute the note and Deed of Trust herein provided for. Should the Purchaser fail to consummate this contract as specified for any reason, except title defects, Seller shall have the right to retain said cash deposits as liquidated damages for the breach of this contract, * * *."

In negotiating for a loan appellee contracted Mr. Timothy Maresh, attorney for K. J. Z. T. Lodge, and secured a commitment for a loan of $3,500 on the property to be purchased by him. Appellee then instructed appellant's attorney to deliver the abstract to Mr. Maresh. An abstract was so delivered, it was examined by Mr. Maresh and he made objections to the title. A supplemental abstract was delivered to Mr. Maresh on June 7, 1960, it showed no further instruments of record affecting the title to the land and did not cure the objections made to the title. Mr. Maresh suggested that quitclaim deeds be secured or

that the title be cured by action in court.[1] The title objections were not cured but on June 24, 1960 appellant through her attorney tendered appellee an owner's title policy and, based on that policy, a mortgagee's title policy to K. H. Z. T. Lodge to protect the $3,500 loan. Mr. Maresh had told appellant's attorney that he would not accept a title policy and also had told appellee that if he bought the place with the title in its then condition he would be buying a lawsuit. However he also said that he would accept a mortgagee's title policy as protection for the loan. Appellee declined to accept the title policy and this suit followed.

In his pleadings appellee alleged that on July 1, 1960 he was ready and willing to perform the contract. He alleged that appellant breached the contract and in separate and numbered paragraphs he alleged that: he had not been furnished an abstract, and that he was never furnished with a title policy.

A nonjury trial was had and a judgment was rendered awarding appellee a recovery of $500 and interest from July 1, 1960 at the rate of 6% per annum.

The trial court filed findings of fact and conclusions of law. Among other findings he found that appellant did not furnish appellee an abstract of title showing a good marketable title to the land in question vested in appellant. He concluded that the failure of appellant to furnish an abstract of title showing a marketable title to the land vested in her was a breach of the contract; that on July 1, 1960, nor since that time, appellee was not obligated to accept a deed to the land or to pay for it, and that appellant was at that time, and since, obligated to return the $500 deposit to appellee.

Appellant's three points are to the effect that the trial court erred: in concluding that appellant was obligated to furnish an abstract of title showing marketable title to the land to be vested in her; in concluding that the failure of appellant to furnish an abstract of title showing marketable title to the land to be vested in her was a breach of the contract and that appellee on July 1, 1960, and since, was not obligated to consummate the contract and that appellant was obligated to return the $500 deposit to appellee for the reason that prior to July 1, 1960 appellant tendered to appellee a title policy, and in rendering judgment on the theory that the contract required appellant to deliver an abstract showing marketable title to the land to be vested in appellant when the contract provided that appellant may furnish a title policy and the parties both "placed this construction upon the contract in their respective pleadings."

The three points are briefed together and will be so considered.

The facts are not in dispute. Appellant first delivered the original abstract to appellant's attorney for examination and subsequently on June 7, 1960 delivered a supplemental abstract but did not cure objections to the title. Afterwards and on June 24, 1960 appellant, by her attorney and in lieu of furnishing an abstract showing a marketable title to the land vested in her, tendered to appellee a title policy.

By the portions of the contract above quoted appellant agreed to furnish an abstract with marketable title to the property. Then by the contract appellee was advised:

"In accordance with the terms of the Real Estate License Act of the State of Texas, you, as purchaser, are advised that you should have the abstract cov-

1. The objections to the title were bottomed on the sufficiency of a deed by Mrs. Emma Pickle and Mrs. Myrtle Davis Potts as independent executrices of the will of their mother Mrs. Nancy Bryson who at her death owned the land in question and by her will devised all of her property to her children who survived her share and share alike. This deed is dated January 12, 1937 and conveyed the property to Lee Giddens, the now deceased husband of appellant. Whether children other than Mrs. Pickle and Mrs. Potts survived Mrs. Bryson is not shown.

ering the real estate which is the subject of this contract examined by an attorney of your own selection, or that you should be furnished with or obtain a policy of title insurance."

The contract then provides steps to be taken if abstract is furnished and also:

"If title policy is furnished, Purchaser agrees to consummate the sale within ten days from date title company approves title."

In the next paragraph the contract provides:

"If any title objections are made, then the Seller or his Agent shall have a reasonable time to cure said objections and show good and marketable title. In the event of failure to furnish good and marketable title, the purchase money hereby receipted for is to be returned to Purchaser upon the cancellation and return of this contract, or Purchaser may enforce specific performance of same."

■ It is to be noticed that appellee as the purchaser was advised to have the abstract examined, or should be furnished with or obtain a policy of title insurance. This provision of the contract directs the purchaser to do one or the other of the two things there named but it does not create an option in favor of the seller. The second provision last above quoted provides that if the purchaser elects to be furnished a title insurance policy then he agrees to consummate the sale within ten days from the date the title company approves the title—in the case here appellee was notified of such approval on June 24, 1960.

■ Appellee did not elect to proceed with the sale under a title policy and because title objections were made then the provisions of the contract as last above quoted are applicable.

Even if as appellant contends she had an option to furnish an abstract showing marketable title to the land vested in her, or to furnish a title insurance policy she could not first furnish an abstract and then when objections to the title as shown by the abstract were made, abandon such abstract and elect to furnish a policy of title insurance.

In Cobb v. Nau, Tex.Civ.App., 12 S.W.2d 594, er. dism., the contract provided:

"The Seller herein agrees to deliver to the Purchaser, or his attorney, a guaranty certificate issued by a reputable title company of Nueces County, Texas, or a complete abstract of title, at the option of the Seller. Said abstract shall be complete to date of its delivery, showing a marketable title to said property in the Seller."

The contract then provided for examination of the abstract, if upon examination of the abstract the title was found to be defective the seller should have 30 days to cure or remove the objections, and if the defects were not cured or removed within such 30 days then at the option of the purchaser the contract shall be null and void and the earnest money returned to the purchaser.

An abstract was delivered, objections to the title were made, the seller refused to cure or remove the objections and apparently tendered a guaranty certificate. The purchaser refused to consummate the contract and the seller sued to recover the earnest money. The court said:

"Having exercised his option and having furnished an abstract of title, thus requiring Nau to employ an attorney to have it examined, and after the attorney reported adversely thereon, the seller could not then furnish a guaranty certificate and require the purchaser to abandon his attorney's view of the title and accept it as a compliance with the contract, even though he knew the title from such examination was defective, and be deprived of the provisions in the contract that if he

made objections to the title they should be cured, or he should have the right to declare the contract void."

Supra we have said that appellee alleged in separate and numbered paragraphs that appellant failed to furnish an abstract and that she failed to furnish a title policy. This pleading does not violate Rule 48, Texas Rules of Civil Procedure. It cannot be said that by pleading his cause of action in this manner appellee has placed a construction on the contract that appellant was authorized to furnish a title policy in lieu of an abstract and thereby render the prior paragraph of no effect.

We are convinced that reversible error is not presented, appellant's points are overruled and the judgment of the trial court is affirmed.

Affirmed.